IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INTELLIGENDER, LLC.<br>  Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 2:10-cv-125-JRG |
| | § | |
| ADRIAN SORIANO, et al.<br>  Defendants. | §<br>§<br>§<br>§<br>§ | |
| ADRIAN SORIANO<br>  Third-Party and<br>  Counter-Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | |
| Farmacias Ahumada, SA<br>  Third-Party Defendant | §<br>§<br>§ | |

## **MEMORANDUM OPINION AND ORDER**

Third-Party Defendant Farmacias Ahumada, SA's Motion to Dismiss the Third-Party Complaint for Insufficiency of Service of Process is before the Court (Dkt. No. 83.) Having considered the parties' written submissions, the Court DENIES the motion.

**I. Background**

Defendant and Third-Party Plaintiff Adrian Soriano ("Soriano") filed a Complaint against Third-Party Defendant Farmacias Ahumada, SA ("FASA") on August 18, 2012. Soriano attempted to serve process on FASA in Chile on August 19, 2010. FASA filed a motion on September 16, 2010 and moved to dismiss the Third-Party Complaint on several grounds, including under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. By

Order dated March 15, 2011 (Dkt. No. 74), Judge Ward granted in-part FASA's Rule 12(b)(5) motion to dismiss and provided as follows:

> Soriano is given sixty (60) days from the date of this order to re-serve FASA. Further, Soriano is ordered that when attempting to re-serve FASA, he must do so under Rule 4(f)(1) or Rule 4(f)(2). If Soriano is still not able to properly serve FASA after exercising due diligence to serve process under Rule 4(f)(1) or Rule 4(f)(2), then Soriano may request from this Court an alternative means of service under Rule 4(f)(3).

(Dkt. No. 74 at 13-14.) On April 7, 2011, Soriano's counsel re-attempted service on FASA by sending the Clerk for the Eastern District, Marshall Division, Soriano's Third Party Complaint, a summons directed to FASA, an open Federal Express envelope, and a letter requesting that the Clerk serve the items in accordance with Rule 4(f)(2)(C)(ii). On April 13, 2011, Soriano's counsel received notification from Federal Express that the items sent by the Clerk were delivered to FASA and signed for by a FASA representative.

FASA now submits another motion to dismiss under Federal Rule of Civ. P. 12(b)(5) on the basis of insufficiency of service of process and alleges that the April 7, 2011 service of process did not comply with either Rule 4(f)(1) or Rule 4(f)(2) as ordered by this Court.

II.     Discussion

FASA raises two issues regarding whether Soriano's April 7, 2011 service of process properly complied with Rule 4(f)(2).[1] First, FASA argues that service is defective because it was sent by Federal Express rather than by "mail." Second, FASA contends that, even if the Court concludes that Federal Express is a form of "mail" for the purpose of Rule 4(f)(2), service nonetheless fails because Chilean law prohibits service by any type of mail at all.

---

[1] Soriano did not attempt service under Fed. R. Civ. P. 4(f)(1). Judge Ward's March 15, 2011 Order permitted service under Fed. R. Civ. P. 4(f)(1) *or* Fed. R. Civ. P. 4(f)(2). (Dkt. No. 74.) Therefore, the Court limits its analysis to whether Soriano complied with Fed. R. Civ. P. 4(f)(2).

When service is attempted on a corporation "at a place not within any judicial district of the United States" service is accomplished in "any manner prescribed by Rule 4(f) for serving an individual expect personal delivery under 4(f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Soriano's chosen method of service, in compliance with Judge Ward's March 15, 2011 Order, was pursuant to Fed. R. Civ. P. Rule 4(f)(2)(C)(ii), which states in pertinent part:

> (f) Unless federal law provides otherwise, an individual – other than a minor, incompetent person, or a person whose waiver has been filed – may be served at a place not within any jurisdiction of the United States:
> 
> \*\*\*
> 
> (C) unless prohibited by the country's law, by:
> 
> \*\*\*
> 
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt.

FASA's first argument against the sufficiency of the April 7, 2011 service is that Rule 4(f)(2)(C)(ii) permits service via United States mail *only*. The Court disagrees. The relevant portion of Rule 4 allows service "using **any form** of mail that the clerk addresses and ... that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C)(ii) (emphasis added). Nothing indicates – from the Rule on its face – that **any form** of mail means that service may **only** be effected using United States mail. Based on a plain reading of the statute, Rule 4(f)(2)(C)(ii) permits service via **any form** of signed receipt mail, including Federal Express.

FASA has not identified any authority that would dispute this interpretation of Rule 4. In fact, several courts have implicitly ruled that service under Rule 4(f)(2)(C)(ii) using signed receipt Federal Express mail is appropriate. *See Tracfone Wireless, Inc. v. Bequator Corp., Ltd.*, 717 F.Supp. 2d 1307, 1310 (S.D. Fla. 2010) (finding that serving a copy of the Summons and Complaint via international express mail and via FedEx directed to executive officers at

Defendants' foreign headquarters is permissible pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii)); *Polargrid LLC v. Videsh Sanchar Nigam Ltd.*, 2006 Dist. LEXIS 17531, *5-6 (S.D. N.Y. April 6, 2006) (ruling service properly effected pursuant to Rule 4(f)(2)(C)(ii) via Federal Express upon Indian corporation). This Court cannot identify any basis for FASA's contention that Fed. R. Civ. P. 4(f)(2)(C)(ii) prohibits service via signed receipt Federal Express mail.

FASA also argues that, even if Federal Express is a valid form of "mail," the April 7, 2011 method of service is improper because Chilean law does not recognize service by any type of mail at all. Specifically, FASA contends that the April 7, 2011 service runs afoul of the provisions or Rule 4(f)(2)(C), which negates the general acceptability of service by any type of mail if such service is "prohibited by the country's law." Again, the Court disagrees. Contrary to FASA's assertion, Rule 4(f)(2)(C) does not require that Chilean law expressly *recognize* service by mail, only that Chilean law does not expressly *prohibit* service by mail. *See Polargrid,* 2006 WL 903194, *6-7 (S.D.N.Y. April 6, 2006) ("[Defendant] states that service by Federal Express is not one of the methods of service recognized by Indian law and that 'what is an allowed method for service of process is, by implication, prohibited.' This interpretation of Rule 4(f)(2)(C)(ii) has been repeatedly rejected in favor of the view that the method of service specified in that rule is acceptable so long as such service does not actually *violate* the law of the country where service is attempted."); *see also Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 224 F.R.D. 497, 502 (N.D. Ala. 2002) ("Were subsection 4(f)(2)(C) inapplicable where a form of return receipt mail is simply not prescribed by the laws of a foreign country, the subsection would be superfluous to subsection (f)(2)(A), which allows service in a foreign country in any manner "prescribed" by the law of that country."). As nothing before the Court would indicate that

Chilean law expressly prohibits service via signed receipt Federal Express mail, service was proper under Federal Rule of Civil Procedure 4(f)(2)(C)(ii).

### III.   Conclusion

FASA was properly served with process by a form of mail that required a return receipt and FASA has not established that Chilean law "prohibits" service in this manner.  Accordingly, the Court finds that the April 7, 2011 service of process on FASA was proper pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii) and FASA's motion to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process is DENIED.

**So ORDERED and SIGNED this 24th day of January, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE