# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| INTELLIGENDER, LLC, <br>     Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. 2:10-cv-125-JRG |
| ADRIAN SORIANO, et al. <br>     Defendants. | § § § § § § | |
| ADRIAN SORIANO <br>     Third-Party and <br>     Counter-Plaintiff, | § § § § | |
| v. | § § | |
| Farmacias Ahumada, SA <br>     Third-Party Defendant | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Braden, Varner & Aldous, P.C., Steven E. Aldous and Robert R. Varner, Jr., (collectively, the "Attorneys") Motion to Withdraw as counsel of record for Adrian Soriano, Veronica Loray, and HelloBaby, LLC (collectively, the "Soriano Parties"). After carefully considered the parties' written submissions, the Court **GRANTS** the Motion and Orders additional action related thereto.

### I. Background

Attorneys have represented the Soriano Parties in this action since July 27, 2010. (Dkt. No. 99.) The representation consisted of a mixed-fee arrangement in which Attorneys would receive monthly payments plus a contingent fee on any proceeds from the case. (Dkt. No. 99.) Monthly payments, if paid on time, were to be taken as an advance toward the contingent fee and

fully credited and deducted once a recovery was made and the case was over. *Id.* The Soriano Parties paid Attorneys a $10,000 retainer and timely paid twelve additional monthly payments per their agreement. *Id.*, at 4. Since that time, however, the Soriano Parties have not paid any of the Attorneys' fees, and have not agreed to pay the amounts due to Attorneys. *Id.*

On September 30, 2011, Attorneys filed the present Motion to Withdraw as counsel of record for the Soriano Parties. (Dkt. No. 97.) All parties have had adequate notice and have had an ample opportunity to respond to the same. Counsel for Intelligender consents to the withdrawal on the condition that the Court require the Soriano Parties to designate new counsel within thirty days. *Id.*, at 1. Counsel for Third-Party Defendant Farmacias Ahumada, SA is opposed to the withdrawal, but has not articulated any reasons for such opposition. *Id.* The Soriano Parties oppose the withdrawal at this stage of the case because they believe it will have "a material adverse effect on our interests." (Dkt. No. 99, at 5.)[1]

**II.     Attorneys' Motion to Withdraw**

A Court may grant an attorney's motion to withdrawn from representation of a client if the attorney shows good cause to withdraw, gives reasonable notice to the client, and satisfies the court that the attorney's withdrawal will not adversely affect efficient litigation of the suit. *See Matter of Wynn*, 899 F.2d 644, 646 (5th Cir. 1989) (an attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client); *Whiting v. Lacara*, 187 F.3d 317, 320 (2d. Cir. 1999). This Court has adopted the Texas Disciplinary Rules of Professional Conduct as a guideline governing the obligations and responsibilities of attorneys appearing before this Court. *See* Local Rule AT-2. Rule 1.15(b)

---

[1] Mr. Soriano and Ms. Loray further argue that they are unable to pay their legal bills in this case due to other personal expenses related to the health care of their young child. The assertion by the Attorneys that their bills are unpaid and seriously delinquent is not contested. (Dkt. No. 99.)

outlines six specific situations in which good cause would exist for withdrawing from representation of a client. *See* TEXAS DISCIP. RULES OF PROF'L CONDUCT R. 1.15(b)(1)-(6). An attorney seeking to withdraw bears the burden of proving the existence of good cause for withdrawal. *Murphy v. YRC Inc.*, No. A-10-CA-920, 2011 WL 3902760, at *2 (W.D. Tex. Sept. 6, 2011). One justification for attorney withdrawal is if "the client fails to substantially fulfill an obligation to the layer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." TEXAS DISCIP. RULES OF PROF'L CONDUCT R. 1.15(b)(5).

Here, Attorneys' Motion to Withdraw satisfies these requirements. Good cause for withdrawal exists because the Soriano Parties have failed to fulfill their obligations to the Attorneys regarding their Attorneys' services, including an obligation to pay the fee as agreed. Further, the Soriano Parties have long been on notice of Attorneys' intent to withdraw in this case,[2] have not disputed that they have failed to satisfy their obligations under the employment agreement with their Attorneys, and jury selection is not set until November 5, 2012. Therefore, the Soriano Parties have ample time to retain subsequent representation in this case. For these reasons, Attorneys' Motion to Withdraw is **GRANTED**.

### III.  Retention of New Counsel

The Court firmly believes that Mr. Soriano and Ms. Loray would best be served by promptly hiring new counsel; however, the Court recognizes their right to proceed *pro se*. Hello Baby LLC has no right to proceed without counsel and cannot act or appear *pro se* in this case.

The right to proceed pro se in civil actions is guaranteed by 28 U.S.C. § 1654: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as,

---

[2] The Motion was filed on September 30, 2011. The Soriano Parties have therefore had knowledge of Attorneys' intent to withdraw since at least that time.

by the rules of such courts, respectively, are permitted to manage and conduct causes therein." This right, however, is limited to appearing on behalf of one's self; one cannot represent another separate legal entity, such as another person, a corporation, or a partnership, pro se. *Rowland v. Cal Men's Colony*, 506 U.S. 194, 201-02 (1993); *See Sw. Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982) (per curiam); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). As fictional legal entities, corporations and partnerships cannot appear for themselves personally. *Sw. Express Co.*, 670 F.2d at 55. Their only proper representative is a licensed attorney, "not an unlicensed layman regardless of how close his association with the partnership or corporation." *Id.*, at 56.

In light of this Court's ruling on the Attorneys' Motion to Withdraw, Defendants Adrian Soriano, Veronica Loray and HelloBaby LLC are now unrepresented by counsel in this case. While Mr. Soriano and Ms. Loray are entitled to proceed *pro se* if they so choose, the corporate entity that they are affiliated with – HelloBaby LLC – may not. Accordingly, the Court **ORDERS** HelloBaby LLC to obtain new counsel within 21 calendar days of the entry of this Order. Mr. Soriano and Ms. Loray are **ORDERED** to obtain new counsel or inform this Court of their intentional decision to proceed *pro se*, also within 21 calendar days from this date. The Court will impose appropriate sanctions should the Soriano Parties fail to comply with this Order.

IV. **Pending Application for Injunctive Relief**

The Court also notes that Plaintiff Intelligender LLC filed an Application for Injunctive Relief ("Injunction Motion") against Soriano on July 27, 2011. (Dkt. No. 90.) On December 6, 2011, the Court extended Soriano's deadline to response to the Injunction Motion until twenty-one days after the Rule 26(f) conference is held in this case. (Dkt. No. 104.) The Court has now held a scheduling conference, and on March 22, 2012, a Discovery Order and a Docket Control Order

were entered.  (Dkt. No. 111.)  In light of the withdrawal of the Soriano Parties' Attorneys in this case, the Court hereby extends the date for HelloBaby LLC, Mr. Soriano, and Ms. Loray to respond to the Injunction Motion.  Such response shall be filed within 35 calendar days of the entry of this Order.  The Injunction Motion will be deemed unopposed if a response from the Soriano Parties is not timely filed.

### V.     Conclusion

For the foregoing reasons, the Court **GRANTS** the Attorneys' Motion to Withdraw. HelloBaby LLC is **ORDERED** to obtain new counsel within 21 days.  Mr. Soriano and Ms. Loray are **ORDERED** to obtain new counsel or inform this Court of their intent to proceed *pro se*, also within 21 days.  The Soriano Parties are further **ORDERED** to respond to Intelligender, LLC's Amended Application for Injunctive Relief within 35 calendar days, otherwise the Injunction Motion will be deemed unopposed.  The Attorneys (Braden, Varner & Aldous, P.C.) are **ORDERED** to send a copy of this Order to the Soriano Parties via e-mail and certified return-receipt mail, and to submit a Notice to the Court evidencing the same within three business days.

**So ORDERED and SIGNED this 2nd day of April, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE