**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **INTELLIGENDER, LLC,** | § § § | |
| Plaintiff | § § | |
| V. | § § | |
| **ADRIAN SORIANO, VERONICA LORAY, HELLOBABY, LLC D/B/A BEST BABY GENDER, AND FARMACIAS AHUMADA, SA,** | § § § § § § | Civil Action No. 2:10-cv-00125-TJW  JURY TRIAL DEMANDED |
| Defendants. | § § § | |
| **ADRIAN SORIANO,** | § § | |
| Third-Party and Counter-Plaintiff, | § § | |
| V. | § § | |
| **FARMACIAS AHUMADA, SA,** | § § § | |
| Third-Party Defendant. | § | |

**NON-PARTY JOHN OR JANE DOE'S MOTION TO QUASH SUBPOENA TO VERIZON ONLINE, LLC**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Pursuant to Fed. R. Civ. Pro. 45(c), Non-Party John or Jane Doe ("Doe") hereby files this Motion to Quash Subpoena to Verizon Online, LLC. Doe respectfully requests oral argument.

**I.**

**PRELIMINARY STATEMENT**

Plaintiff Intelligender, LLC ("Intelligender" or "Plaintiff") issued a Notice of Intent to Take Deposition on Written Questions and Subpoena Duces Tecum to the Custodian of Records

of Verizon Online LLC ("Verizon") seeking the identity of certain anonymous parties (the "Subpoena"). While courts permit such subpoenas when discovering the identity of the anonymous party is crucial to the prosecution of the plaintiff's claims against the anonymous defendant, and then only when the plaintiff can make a *prima facie* showing of the elements of their claim sufficient to survive a motion for summary judgment, here Plaintiff has asserted no claims against John or Jane Doe. Further, the identity of John or Jane Doe would provide no support to Plaintiff's claims or defenses in this lawsuit. Indeed, Plaintiff could not assert a viable claim against John or Jane Doe because there is no showing of what specific statements of Doe are false, whether the statements were published to a third party, or whether such publication caused Plaintiff special damages.

Should Verizon comply with the Subpoena, the identity of Non-Party John or Jane Doe will be revealed, violating his or her First Amendment right to anonymous speech. As there is no basis for violating John or Jane Doe's First Amendment rights, this Court should quash Intelligender' subpoena in its entirety.

## II.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Intelligender initiated this lawsuit against Defendants Adrian Soriano, Veronica Loray, HelloBaby, LLC d/b/a Best Baby Gender, and Farmacias Ahumada, SA (collectively, "Defendants") on April 7, 2010 by filing Plaintiff's Original Complaint [Dkt. No. 1]. Intelligender generally claims that Plaintiff disclosed certain confidential information to Defendants under an enforceable non-disclosure agreement, and that Defendants improperly appropriated this information for their own benefit and in competition with Plaintiff. Intelligender asserts claims against Defendants for (1) declaratory judgment regarding the enforceability of a non-disclosure agreement, (2) breach of contract, (3) fraud and

misrepresentation, (4) fraud in the inducement, (5) conversion and misappropriation of trade secrets, (6) unfair competition by misappropriation, (7) tortious interference with prospective business relations, (8) federal trademark and trade name infringement, (9) contributory trademark infringement, (10) federal trademark dilution, (11) common law unfair competition and trademark infringement, (12) state statutory and common law trademark dilution, (13) trade dress infringement, (14) business disparagement, (15) Texas Theft Liability Act, (16) promissory estoppel, (17) unjust enrichment, (18) conspiracy, (19) constructive or resulting trust, (20) vicarious liability and disregard of corporate fiction due to alter ego, illegal purpose and sham to perpetuate a fraud, and (21) injunctive relief.[1]  Importantly, Intelligender did not name any other parties, such as John or Jane Doe, as a defendant.

On March 26, 2012, Intelligender issued the Subpoena to Verizon.[2]  Verizon is the Internet service provider for Doe.  In the Subpoena, Intelligender scheduled a deposition on written questions on the custodian of records of Verizon, and requested the production of documents, scheduled to take place on April 20, 2012 at 10:00 a.m. at the office of Plaintiff's counsel, Riney Palter, PLLC.  On April 17, 2012 at approximately 5:38 PM, Intelligender issued its Notice of Intent to Take Deposition on Written Questions and Subpoena Duces Tecum to the Custodian of Records of Verizon Online LLC ("Amended Subpoena").[3]

Importantly, in both the Subpoena and Amended Subpoena, Plaintiff seeks Verizon to disclose the identity of the following individual or individuals:

1. The person or persons whose internet account was assigned to Internet Protocol

---

[1] *See, generally*, Plaintiff's Second Amended Complaint, June 14, 2010 [Dkt. No. 23].

[2] *See* Declaration of Kenton J. Hutcherson, April 18, 2012 ("Hutcherson Declaration"), filed contemporaneously with this Motion, at Exhibit A.

[3] *See* Hutcherson Declaration at Exhibit B.

      Address[4] 173.71.38.22 on August 19, 2011;

2. The person or persons whose internet account was assigned to Internet Protocol Address 10.229.190.17 on April 30, 2011;

3. The person or persons whose internet account was assigned to Internet Protocol Address 173.71.38.22 from August 1, 2011 through August 31, 2011; and

4. The person or persons whose internet account was assigned to Internet Protocol Address 10.229.190.17 from April 15, 2011 through May 15, 2011.[5]

The Subpoena and Amended Subpoena also seek the disclosure of the identity of the person or persons associated with the account that originated two specific email messages: (1) an email from "rebeccagriffin75093@mail.com" to "rebeccagriffin75093@mail.com," dated August 18, 2011, bearing the subject line "Someone please help stop the bleeding!!!!," and (2) an email from "julieweaver0@gmail.com" to "dgarland@intelligender.com" and "tgarland@intelligender.com," dated April 30, 2011, bearing the subject line "Question".[6]

    Movant John or Jane Doe is the individual who was assigned the Internet Protocol Addresses noted above for the time periods at issue, and also authored and sent the two emails in question. Doe's attorney received the Subpoena and Amended Subpoena from Plaintiff's counsel.

    This motion followed.

---

[4] An Internet Protocol Address, also known as an "IP Address," is an electronic number that specifically identifies a particular computer using the Internet.

[5] *See generally,* John T. Palter Letter, March 26, 2012, Enclosing Notice of Intent to Take Deposition on Written Questions and Subpoena Duces Tecum to the Custodian of Records of Verizon Online LLC, *attached* as Exhibit A to the Declaration of Kenton J. Hutcherson, filed contemporaneously with this Motion.

[6] *See id.*

## III.

## ARGUMENT AND AUTHORITIES

### A. Applicable Legal Standards

Depositions on written questions can be compelled by subpoena.[7] Any person "affected by a subpoena" may file a motion to quash a subpoena.[8] Fed. R. Civ. P. 45(c)(3) provides:

> On timely motion, the issuing court must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Federal courts recognize that the enforcement of a civil subpoena constitutes state action,[9] and as such subpoenas cannot infringe an individual's right to freedom of speech under the First Amendment to the United States Constitution.[10]

Free speech extends to communication on the Internet.[11] Further, the right to free speech

---

[7] *See* Fed. R. Civ. P. 31(a)(1) ("A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.").

[8] Fed. R. Civ. P. 45(c)(3)(B).

[9] *See New York Times Co. v. Sullivan*, 376 U.S. 254, 265 (1964).

[10] U.S. Const. amend. I. ("Congress shall make no law . . . abridging the freedom of speech, or of the press."); *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 461 (1958); *Doe v. 2TheMart.com, Inc.*, 140 F.Supp.2d 1088, 1091-1092 (W.D. Wash. 2001) ("A court order, even when issued at the request of a private party in a civil lawsuit, constitutes state action and as such is subject to constitutional limitations.  For this reason, numerous cases have discussed the limitations on the subpoena power when that power is invoked in such a matter that it impacts First Amendment rights."); *Nat'l Labor Relations Bd. v. Midland Daily News*, 151 F.3d 472, 475 (6th Cir. 1998) ("Indeed, if this court permitted the Board to obtain the identity of Midland's advertiser, without demonstrating a reasonable basis for seeking such information, the chilling effect on the ability of every newspaper and periodical to publish lawful advertisements would clearly violate the Constitution.").

[11] *See, e.g., Reno v. ACLU*, 521 U.S. 844, 870 (1997) (recognizing that speech on the Internet is protected by the First Amendment: "Through the use of chat rooms, any person with a phone line can become a town crier with a voice that resonates farther than it could from any soapbox.  Through the use of Web pages, mail exploders, and newsgroups, the same individual

includes the right to anonymous speech.[12] Before ordering the identity of an anonymous speaker revealed, courts must determine that the identity of the anonymous speaker is directly and materially relevant to a core claim or defense asserted in the lawsuit.[13] As the Texas Court of Appeals in Texarkana explained, courts must balance the right to anonymous speech with the interest in discovery:

> The courts must balance the right to communicate anonymously with the right to hold accountable those who engage in communications that are not protected by the First Amendment. Thus, although the right to speak anonymously 'would be of little practical value if . . . there was no concomitant right to remain anonymous' in the face of a civil action subpoena, a civil litigant has an interest in asserting his or her rights through the litigation process against an anonymous tortfeasor.[14]

Where the party seeking the identity of the anonymous speaker has asserted a claim against that anonymous speaker for the specific speech at issue, courts have applied a variety of

---

can become a pamphleteer. As the District Court found, 'the content on the Internet is as diverse as human thought.'").

[12] *See McIntyre v. Ohio Elections Comm.*, 514 U.S. 334, (1995) ("an author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment.").

[13] *See Doe v. 2TheMart.com, Inc.*, 140 F.Supp.2d 1088, 1091-1092 (W.D. Wash. 2001) ("Under the Federal Rules of Civil Procedure discovery is normally very broad, requiring the disclosure of any relevant information that 'appears reasonably calculated to lead to the discovery of admissible evidence.' But when First Amendment rights are at stake, a higher threshold of relevancy must be imposed. Only when the information sought is directly and materially relevant to a core claim or defense can the need for the information outweigh the First Amendment right to speak anonymously."); *Highfields Capital Management, LP v. Doe*, 385 F. Supp. 2d 969, 975 (N.D. Cal. 2004) ("Because of the importance and vulnerability of those rights, the center of the first component of the test is a requirement that the plaintiff persuade the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff that the laws plaintiff has invoked were intended to protect.").

[14] *In re: Does 1-10*, 242 S.W.3d 805, 820 (Tex. App.—Texarkana 2007).

standards before permitting the disclosure.[15] These standards include both a "good faith pleading" and motion to dismiss standard, as well as a prima facie summary judgment standard.[16] As a standard that is too low can have a "chilling effect" [17] on free speech, most courts require a prima facie showing that of each element of a plaintiff's claim.[18] Each of these standards, however, is premised on a claim asserted by the plaintiff against an anonymous speaker defendant.

While some courts have only required a plaintiff to demonstrate that it has asserted a claim against the anonymous speaker in good faith or that its claim can survive a motion to

---

[15] *In re Anonymous Online Speakers*, 661 F.3d 1168, 1175 (9th Cir. 2011) ("The many federal district and state courts that have dealt with this issue have employed a variety of standards to benchmark whether an anonymous speaker's identity should be revealed.").

[16] *See, e.g., In re: Does 1-10*, 242 S.W.3d 805, 821 (Tex. App.—Texarkana 2007) ("We find ourselves more in alignment with the formulations set out in *Cahill*. The court in *Cahill* described the test as '[B]efore a defamation plaintiff can obtain the identity of an anonymous defendant through the compulsory discovery process he must support his defamation claim with facts sufficient to defeat a summary judgment motion.' This standard does not require a plaintiff to prove its case as a matter of undisputed fact, but instead to produce evidence sufficient to create issues that would preclude summary judgment.").

[17] *See id.* at 821 ("the chilling effect on the First Amendment right of free speech that results from making such 'confidential' information too easily accessible is apparent.").

[18] *See, e.g., Art of Living Foundation v. Does 1-10*, Case No. 10-CV-05022-LHK, 2011 U.S. Dist. LEXIS 129836, *11-12 (N.D. Cal. November 9, 2011) ("In order to avoid compromising First Amendment rights in a baseless lawsuit, most courts first require the plaintiff to make a prima facie showing of the claim for which disclosure is sought."); *Highfields Capital Mgmt LP v. Doe*, 385 F.Supp.2d 969, 980-81 (N.D. Cal. 2004) ("But if the court were to enforce plaintiff's subpoena, the court would be enabling plaintiff to impose a considerable price on defendant's use of one of the vehicles for expressing his views that is most likely to result in those views reaching the intended audience. That 'price' would include public exposure of plaintiff's identity and the financial and other burdens of defending against a multi-count lawsuit -- perhaps in a remote jurisdiction. Very few would-be commentators are likely to be prepared to bears costs of this magnitude. So, when word gets out that the price tag of effective sardonic speech is this high, that speech will likely disappear.").

dismiss,[19] where the speech at issue is expressive, a greater showing is required.[20] As meritless defamation claims can easily pass a good faith or motion to dismiss standard, requiring a prima facie showing of evidence is needed to protect the anonymous party's right to free speech.[21]

Where the anonymous speaker is non-party, courts require an even greater showing:

> [T]he constitutional rights of Internet users, including the First Amendment right to speak anonymously, must be carefully safeguarded.

---

[19] *See, e.g., Columbia Ins. Co. v. SeesCandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999) ("Third, plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss. A conclusory pleading will never be sufficient to satisfy this element.").

[20] *See Best Western Int'l, Inc. v. Doe*, No. CV-06-1537-PHX-DGC, 2006 U.S. Dist. LEXIS 56014, *10-11 (D. Ariz. July 15, 2006) ("In deciding which standard to apply, the Court must consider the significance of the First Amendment rights at issue in this case. BWI cites several cases in which plaintiffs sued defendants for illegally downloading music from the Internet. Although the courts found that the downloading of information was entitled to some protection under the First Amendment, they recognized that downloading was not purely expressive and therefore was entitled only to 'limited' First Amendment protection. . . . The conduct of the John Doe Defendants, by contrast, is purely expressive. The Defendants are expressing their views on issues of interest to BWI members and governors in a forum specifically designed for an exchange of opinions and ideas anonymously. Such speech is entitled to substantial First Amendment protection. Given the significant First Amendment interest at stake, the Court agrees with the Delaware Supreme Court in *Cahill*, and concludes that a summary judgment standard should be satisfied before BWI can discover the identities of the John Doe Defendants."); *Art of Living Foundation*, 2011 U.S. Dist. LEXIS 129836 at *13-14 ("In choosing the proper standard to apply, the district court should focus on the 'nature' of the speech conducted by the defendant, rather than the cause of action alleged by the plaintiff. For example, a more rigorous standard may be applicable where the defendant's speech is political, religious or literary, while commercial speech should be subject to a lesser standard.").

[21] *See Doe No. 1 v. Cahill*, 884 A.2d 451, 459, 464 (Del. 2005) ("even silly or trivial libel claims can easily survive a motion to dismiss where the plaintiff pleads facts that put the defendant on notice of his claim, however vague or lacking in detail these allegations may be. Clearly then, if the stricter motion to dismiss standard is incapable of screening silly or trivial defamation suits, then the even less stringent good faith standard is less capable of doing so. . . . substantial harm may come from allowing a plaintiff to compel the disclosure or an anonymous defendant's identity by simply showing that his complaint can survive a motion to dismiss or that it was filed in good faith. . . . under the summary judgment standard, scrutiny is likely to reveal a silly or trivial claim, but a plaintiff with a legitimate claim should be able to obtain the identity of an anonymous defendant and proceed with his lawsuit.").

> Courts should impose a high threshold on subpoena requests that encroach this right. In order to enforce a civil subpoena seeking the identifying information of a non-party individual who has communicated anonymously over the Internet, the party seeking the information must demonstrate, by a clear showing on the record, that four requirements are met: (1) the subpoena seeking the information was issued in good faith and not for any improper purpose, (2) the information sought relates to a core claim or defense, (3) the identifying information is directly and materially relevant to that claim or defense, and (4) information sufficient to establish or to disprove that claim or defense is unavailable from any other source.[22]

### B. The Subpoena Should Be Quashed.

The Subpoena and Amended Subpoena should be quashed for three reasons.

First, Plaintiff has not asserted any claim against John or Jane Doe in this lawsuit. As Doe is a non-party to this lawsuit, Plaintiff must meet the standards laid out in *2Themart.com* that would warrant the Subpoena. However, Doe's identity does not relate to any of Plaintiff's core claims or defenses—the two emails identified in the Subpoena and Amended Subpoena are not even identified in Plaintiff's Second Amended Original Complaint, and they have nothing to do with Defendants' alleged misappropriation of Plaintiff's trade secrets. Further, Doe's identity is not directly and materially relevant to any of Plaintiff's claims or defenses. And to the extent Plaintiff claims that Doe's identity is relevant and material to Plaintiff's claim against Defendants for business disparagement (which it is not), that claim is not a core claim in this case.

Second, Plaintiff cannot make a prima facie showing to support any claim against Doe. Here, the speech at issue is purely expressive—Doe sent two separate emails. Accordingly, if the Court views Doe as a defendant in this lawsuit, the Court should apply the summary

---

[22] *Doe v. 2TheMart.com, Inc.*, 140 F.Supp.2d 1088, 1097 (W.D. Wash. 2001).

judgment standard before permitting Plaintiff to reveal Doe's identity.[23] Plaintiff cannot assert its business disparagement claim against Doe because it has not and cannot (1) demonstrate which specific statements John or Jane Doe made,[24] (2) demonstrate that such specific statements were published to at least one third party (the emails identified in the subpoena only indicate that they were sent to the manager of Plaintiff—Rebecca Griffin, D. Garland, and T. Garland),[25] (3) demonstrate that such specific statements were false, and (4) that Plaintiff has suffered a specific special damage. Absent such showing, disclosure of Doe's identity is improper.

<u>Third</u>, Plaintiff's claim for business disparagement (its only speech related claim) does not even satisfy the good faith pleading or motion to dismiss standard, let alone the prima facie or summary judgment standards. A claim for business disparagement in Texas is composed of the following elements: "(1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff."[26] A

---

[23] *See Best Western Int'l, Inc. v. Doe*, No. CV-06-1537-PHX-DGC, 2006 U.S. Dist. LEXIS 56014, *14 (D. Ariz. July 15, 2006) ("The Court concludes that more is needed before a defendant's First Amendment rights may be eliminated. The Court must examine facts and evidence before concluding that a defendant's constitutional rights must surrender to a plaintiff's discovery needs. The summary judgment standard will ensure that the Court receives such facts and evidence.").

[24] *See Granada BioSciences v. Barrett*, 958 S.W.2d 215, 222 (Tex. App.—Amarillo 1997, pet. denied) ("specific words or statements must be identified in order to determine whether they are disparaging or false. The pleadings and responses of GBI and GFC do not expressly identify the alleged false and disparaging words or statements which they contend were made by Munke.").

[25] *See Abbott v. Pollock*, 946 S.W.2d 513, 520 (Tex. App.—Austin 1997, writ denied) ("While Pearson identified the person who made the statement and the content of the statement, the summary judgment evidence shows Pearson does not know if the statement was heard by or published to a third party. Therefore, appellees proved the absence of publication to a third party.").

[26] *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003). *See also Hurlbut v. Gulf Atlantic Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987).

plaintiff must plead that it lost specific sales to support special damages.[27] The statements at issue must refer to plaintiff's economic interests.[28] Further, Texas law is clear that injury to reputation, in itself, is not sufficient to support a claim for business disparagement.[29] Here, Plaintiff's claim for business disparagement is limited as follows:

> Defendant HelloBaby, through its agents Loray and Soriano (who were also acting in their individual capacity) have published disparaging words about the Plaintiff and/or Plaintiff's economic interests. The published statements were false, were published with malice and were published without privilege. As such, Plaintiff has been damaged. Plaintiff's damages in the state of Texas were foreseeable to Defendants.[30]

This pleading is insufficient to survive a motion to dismiss. In a recent case before the Eastern District of Texas, a business disparagement claim did not survive a motion to dismiss because the pleadings did not identify the specific statements at issue, and the pleadings did not satisfy the publication element:

---

[27] *See Hurlbut v. Gulf Atlantic Life Ins. Co.*, 749 S.W.2d 762, 767 (Tex. 1987) ("Proof of special damages is an essential part of the plaintiffs' cause of action for business disparagement. The requirement goes to the cause of action itself and requires that plaintiff 'establish pecuniary loss that has been realized or liquidated as in the case of specific lost sales.' (quoting W. Keeton, Prosser and Keeton on the Law of Torts, § 128 at 971 (5th Ed. 1984).) Furthermore, the communication must play a substantial part in inducing others not to deal with the plaintiff with the result that special damage, in the form of the loss of trade or other dealings, is established.").

[28] *See Hurlbut v. Gulf Atlantic Life Ins. Co.*, 749 S.W.2d 762, 767 (Tex. 1987) ("an action for injurious falsehood or business disparagement is similar in many respects to an action for defamation. Both involve the imposition of liability for injury sustained through publications to third parties of a false statement affecting the plaintiff. The two torts, however, protect different interests. The action for defamation is to protect the personal reputation of the injured party, whereas the action for injurious falsehood or business disparagement is to protect the economic interests of the injured party against pecuniary loss.").

[29] *See Dwyer v. Sabine Mining Co.*, 890 S.W.2d 140, 143 (Tex. App.—Texarkana 1994) ("In a business disparagement suit, special damages are recoverable while damages to reputation or consequential mental distress are not recoverable.").

[30] Plaintiff's Second Amended Original Complaint, June 14, 2010, Dkt. No. 23, at 33, ¶ 109.

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Thus, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007) (internal quotation omitted). A plaintiff meets this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Nevertheless, specific words or statements must be identified in order to determine whether the statements are in fact disparaging or false.
>
> The Court can find no statements in the petition which disparage LG or its economic interests. Nor is there any pleading of facts in support of the publication element of its claims. It is just the type of conclusory pleading that *Iqbal* disfavors. After thoroughly reviewing the petition, LG's complaint for business disparagement does not pass "Iqbal muster."[31]

In a similar case, *Directory Assistants, Inc. v. Does 1-10*,[32] the District of Arizona denied a plaintiff's motion to compel the disclosure of an anonymous speaker because the plaintiff did not make any specific showing of loss to support its claim for tortious interference.[33] As Plaintiff cannot even assert a facially viable claim against Doe, the disclosure of Doe's identity cannot be permitted.

---

[31] *L.G. Motorsports, Inc. v. NGMCO, Inc.*, Case No. 4:11-CV-112, 2012 U.S. Dist. LEXIS 29594, *6-8 (E.D. Tex. March 6, 2012).

[32] No. MC 11-00096-PHX-FJM, 2011 U.S. Dist. LEXIS 128292 (D. Ariz. November 4, 2011).

[33] *See id.* at *6-7 ("Plaintiff's claim is not facially plausible because there is no showing of loss, the fifth element of the cause of action. . . . There is no showing of a loss to a contractual or beneficial relationship caused by the defendant's conduct."); *see also* at *4-5 ("we need not decide what standard applies because plaintiff has failed to satisfy even the federal pleading standard.").

## IV.

## **RELIEF REQUESTED**

For the foregoing reasons, non-party John or Jane Doe asks that the Court quash Plaintiff's subpoena and amended subpoena to Verizon Online LLC in its entirety.

        Respectfully submitted,

        **HUTCHERSON LAW**

        /s/ Kenton J. Hutcherson
        Kenton J. Hutcherson, Esq.
        State Bar No. 24050798
        Hutcherson Law
        10000 North Central Expressway, Suite 800
        Dallas, Texas 75231
        Tel: (214) 443-4200
        Fax: (214) 443-4210
        Email: kjh@hutchersonlaw.com

        **ATTORNEYS FOR NON-PARTY JOHN OR JANE DOE**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was electronically filed with the clerk of court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court on the 18th day of April, 2012. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

| | |
|---|---|
| John T. Palter, Esq. | Karen L. Hart, Esq. |
| Kimberly J. Sims, Esq. | Bell Nunnally & Martin LLP |
| Riney Palter, PLLC | 3232 McKinney Avenue |
| 5949 Sherry Lane, Suite 1616 | Suite 1400 |
| Dallas, Texas 75225-8009 | Dallas, Texas 75204 |
| Tel: (214) 461-1200 | Tel: (214) 740-1444 |
| Fax: (214) 461-1210 | Fax: (214) 740-1499 |
| *Attorneys for Plaintiff Intelligender, LLC* | *Attorneys for Third Party Defendant Farmacias Ahumada, SA* |

Jennifer A. Fischer, Esq.
Kathleen M. Kundar, Esq.
Fox Horan & Camerini LLP
825 Third Avenue
12th Floor
New York, New York 10022
Tel: (212) 480-4800
Fax: (212) 709-0248

*Attorneys for Third Party Defendant Farmacias Ahumada, SA*

I further certify that on April 18, 2012, I provided service of this document to Defendants Adrian Soriano, Veronica Loray, and HellowBaby, LLC by Certified Mail Return Receipt Requested at 265 W. 87th Street, Apt. 6D, New York, New York 10024, and by email at soriano1973@yahoo.com. I further sent a copy to Defendants' previous legal counsel via Certified Mail Return Receipt Requested at the following address:

Steven E. Aldous, Esq.
Robert R. Varner, Jr., Esq.
Branden, Varner & Aldous, P.C.
703 McKinney Avenue, Suite 400
Dallas, Texas 75202
Tel: (214) 740-0212
Fax: (214) 740-0217

I further certify that on April 18, 2012, I sent the foregoing document via fax to Verizon Online, LLC at (325) 949-6919.

Signed: April 18, 2012

/s/ Kenton J. Hutcherson
Kenton J. Hutcherson
Texas Bar No. 24050798
Hutcherson Law
10000 North Central Expressway, Suite 800
Dallas, Texas 75231
Tel: (214) 443-4200
Fax: (214) 443-4210
Email: kjh@hutchersonlaw.com

**ATTORNEYS FOR NON-PARTY JOHN OR JANE DOE**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule CV-7(h) and (i), I hereby certify that on April 17, 2012 at approximately 4:30 PM, I conferred via telephone with Kimberly J. Sims, Esq., attorney for Plaintiff Intelligender, LLC, and despite a thorough discussion regarding the merits of this motion, agreement could not be reached, and discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

Signed: April 18, 2012

/s/ Kenton J. Hutcherson
Kenton J. Hutcherson