IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INTELLIGENDER, LLC,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 2:10-cv-125-JRG |
| | § | |
| ADRIAN SORIANO, et al.<br>　　　Defendants. | §<br>§<br>§<br>§<br>§ | |
| ADRIAN SORIANO<br>　　　Third-Party and<br>　　　Counter-Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | |
| Farmacias Ahumada, SA<br>　　　Third-Party Defendant | §<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Non-Party John or Jane Doe's ("Doe") Motion to Quash Subpoena to Verizon Online, LLC. (Dkt. No. 116.) After carefully considering the parties' written submission, the Court **DENIES** the motion and **ORDERS** Verizon Online, LLC to reveal the identity of Doe.

**I.**　**Factual and Procedural Background**

Intelligender, LLC ("Intelligender") initiated this lawsuit against Defendants Adrian Soriano, Veronice Loray, HelloBaby, LLC d/b/a Best Baby Gender, and Farmacias Ahumada, SA (collectively, "Defendants") on April 7, 2010. (Dkt. No. 1.) Intelignder claims, among other things, that it disclosed certain confidential information to Defendants under an enforceable

non-disclosure agreement, and that Defendants improperly appropriated this information for their own benefit and in competition with Intelligender.

On March 26, 2012, Intelligender issued a subpoena to Verizon Online, LLC ("Verizon"). Coupled with this subpoena, Intelligender attached a deposition on written questions on the custodian of records of Verizon, and requested the production of documents scheduled to take place on April 20, 2012 at 10:00 a.m. at the office of Plaintiff's counsel. The subpoena asks Verizon to disclose the identity of the individual or individuals assigned to a particular Internet Protocol Address and associated with certain email addresses. Intelligender alleges that the individual(s) associated with the identified Internet Protocol Addresses and email addresses are responsible for false, defamatory and disparaging emails which purport to be on behalf of Rebecca Griffin, one of the principals of Intelligender.

Counsel for Doe seeks to quash the subpoena based upon an alleged First Amendment protection of free and "anonymous" speech. Intelligender responds that this defense fails as a matter of law as the speech is neither anonymous nor protected because Doe purports to be a principal of Intelligender and publishes inaccurate and disparaging statements to Plaintiff's banker, employer, fellow employees and various other third-parties who believed the statements came from Ms. Griffin. Intelligender alleges that there is no First Amendment protection for falsely assuming the identity of another and publishing defamatory and disparaging comments on the internet.

**II.     Analysis**

At least one District Court within the Fifth Circuit has held that, for the identity of an anonymous speaker on the internet to be revealed in a defamation case, the Plaintiff must make "a showing of at least a reasonable probability or reasonable possibility of recovery on the

defamation claim." *In re Baxter*, No. 01-00026, 2001 U.S. Dist. LEXIS 26001, at *38 (W.D. La. Dec. 19, 2001). This Court agrees with the underlying rationale of *Baxter*, and applies the same standard in this case.

Intelligender has met its required showing of at least a reasonable probability or possibility of recovering on its defamation claim. For example, Intelligender alleges that Doe sent an email from "rebeccagriffin75093" to Ms. Griffin's neighbors and members of her country club in Plano, Texas stating the following:

> Neighbors and Club Members,
>
> Sorry to request your assistance again but after our recent $2.5m Settlement on the class action suit, our Intelligender venture has become a lawsuit magnet and attracted yet another suit!!!! Our product was "just for fun" and we were simply trying to get rich quick! Any assistance you can offer Teresa Garland and I greatly appreciated!
>
> Rebecca

(Dkt. No. 127, at 3.) Intelligender plausibly alleges that this email is false, misleading, and deceptive because it purports to be from Rebecca at rebeccagriffin75093@gmail.com, falsely creating the impression that the Rebecca Griffin from Plano and associated with Intelligender transmitted the email. Based on this allegation, Intelligender has satisfied the standard set forth in *Baxter* to show that it has a reasonable probability or possibility of recovery on the defamation claim.

### III. Conclusion

Intelligender has shown that there is a reasonable probability or possibility that it may recover on the defamation claim. Doe has allegedly acted to create the perception that Rebecca Griffin was the source of the above-quoted email. Doe does not have any right to remain anonymous. Impersonated speech is not anonymous speech. Accordingly, the Court **DENIES**

3

Non-Party John or Jane Doe's Motion to Quash Subpoena to Verizon Online and **ORDERS** that the identity of Doe be revealed as required under the above-referenced subpoena and deposition on written questions.

    **So ORDERED and SIGNED this 26th day of June, 2012.**

                                                              RODNEY GILSTRAP
                                                              UNITED STATES DISTRICT JUDGE