# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| INTELLIGENDER, LLC, <br>     Plaintiff, <br><br> v. <br><br> ADRIAN SORIANO, et al. <br>     Defendants. <br><br><br> ADRIAN SORIANO <br>     Third-Party and <br>     Counter-Plaintiff, <br><br> v. <br><br> Farmacias Ahumada, SA <br>     Third-Party Defendant | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:10-cv-125-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Non-Party John or Jane Doe's ("Doe") Motion to Reconsider Denial of Motion to Quash Subpoena to Verizon Online, LLC (Dkt. No. 154)." (Dkt. No. 168.) After carefully considering the parties' written submissions, the Court **GRANTS** the motion and **QUASHES** the subpoena because the underlying issue is now **MOOT**.

### I.  Factual and Procedural Background

IntelliGender, LLC ("Intelligender") initiated this lawsuit against Defendants Adrian Soriano, Veronica Loray, HelloBaby, LLC d/b/a Best Baby Gender (collectively, the "Soriano Defendants") on April 7, 2010. (Dkt. No. 1.) On April 21, 2010, Intelligender amended its Complaint to add a claim against Framacias Aumada, SA ("FASA"). (Dkt. No. 7.) Relevant to the Motion before the Court, Intelligender claims, among other things, that it disclosed certain

confidential information to the Soriano Defendants under an enforceable non-disclosure agreement, and that the Soriano Defendants improperly appropriated this information for their own benefit and in competition with Intelligender.

On March 26, 2012, Intelligender issued a subpoena to Verizon Online, LLC ("Verizon"). Supported with this subpoena, Intelligender served a deposition on written questions, *duces tecum*, on the custodian of records of Verizon, and required as a part thereof the production of certain documents scheduled to take place on April 20, 2012 at 10:00 a.m. at the Office of Intelligender's counsel. The subpoena directed Verizon to disclose the identity of the individual or individuals assigned to a particular Internet Protocol (IP) Address and associated with certain email addresses. Intelligender alleges that the individual(s) associated with the identified IP Addresses and email addresses are responsible for false, defamatory and disparaging emails which purport to be on behalf of Rebecca Griffin, one of the principals of Intelligender.

On April 18, 2012 Doe filed a Motion to Quash the Subpoena to Verizon. The Court denied the Motion to Quash on June 26, 2012 on the grounds that "Intelligender has met its required showing of at least a reasonable probability or possibility of recovering on its defamation claim." (Dkt. No. 154.) Subsequently, Doe filed a petition for writ of mandamus as well as an appeal under the collateral order doctrine with the United States Court of Appeals for the Fifth Circuit. In light of these filings, this Court stayed enforcement of its Order pending a determination from the Fifth Circuit. (Dkt. Nos. 159 and 161.) Oral argument is currently set before the Fifth Circuit on October 3, 2012.

On September 5, 2012, Intelligender and the Soriano Defendants filed their Joint Motion for Entry of Agreed Permanent Injunction with this Court. (Dkt. No. 165.) In this joint motion, Intelligender notified the Court that it had resolved all pending claims between it and the Soriano

Defendants.[1] On September 14, 2012, this Court issued the Agreed Permanent Injunction (Dkt. No. 167), which resolved all claims between Intelligender and the Soriano Defendants. The Agreed Permanent Injunction, however, does not resolve the claims between Intelligender and Farmacia Ahumada, S.A. ("FASA"), but both parties agree that the FASA claims are not relevant to the Subpoena subject to Doe's Motion to Quash.[2]

Despite the settlement between Intelligender and the Soriano Defendants, counsel for Intelligender has indicated to counsel for Doe that despite the entry of the Agreed Permanent Injunction, Intelligender continues to pursue the Subpoena and will not agree to withdraw it. Subsequently, on September 20, 2012, Doe filed the Motion to Reconsider which is now before the Court. (Dkt. No. 168.)

**II. Analysis**

*a. Jurisdiction*

On September 21, 2012, the Court issued an Order expediting the briefing schedule on Doe's Motion for Reconsideration. (Dkt. No. 170.) In that Order, the Court stated that "the parties are specifically directed to address the issue of this Court's jurisdiction to rule upon this Motion in light of the Writ of Mandamus now pending before the Fifth Circuit Court of Appeals." *Id*. On September 27, 2012, the Fifth Circuit Court of Appeals issued the following Order:

> This matter is pending before this court on appeal and petition for writ of mandamus. By letter dated September 26, 2012, Petitioner advised the court of a partial settlement of the associated underlying case giving rise to this appeal / mandamus action. Petitioner thus

---

[1] "The Parties advise the Court they have reached an agreement in this matter, agree on the relief requested in the Motion, and jointly request that the Court enter the attached Agreed Permanent Injunction by and among Intelligender, LLC, Adrain Soriano, Veronica Loray, and HelloBaby, LLC d/b/a Best Baby Gender."). (Dkt. No. 165.)

[2] Doe argues that the identity of Doe is not relevant to the claims against FASA, because the only claims asserted against FASA are: (1) declaratory judgment, (2) breach of contract/breach of non-disclosure agreement, (3) promisorry estoppel and (4) unjust enrichment. (Dkt. No. 168.) Intelligender does not rebut this assertion in its Response or Sur-Reply. (Dkt. Nos. 169 and 172.)

> contends that the underlying relief sought is moot and has filed a motion for reconsideration in the district court. We conclude that it would serve the interests of justice to permit the district court to rule upon the motion for reconsideration filed September 20, 2012. Accordingly, IT IS ORDERED that permission from this Court is hereby GRANTED to the district court to rule upon the motion for reconsideration filed September 20, 2012.

Having been granted permission to rule upon Doe's Motion to Reconsider, the Court now turns to the merits of Doe's request.

### b. Merits

Doe argues that, due to the settlement between Intelligender and the Soriano Defendants, all claims on which the Subpoena was based have been resolved and are no longer pending before the Court. (Dkt. No. 168.) Accordingly, Doe contends that the information sought by the Subpoena will not aid as to the resolution of the claims in the current suit, because such claims have been resolved. *Id.*

Intelligender responds that while it has entered into a settlement agreement with the Soriano Defendants, no formal dismissal has been entered and the case has not been terminated. (Dkt. No. 171.) Further, Intelligender contends that "[a] material inducement for Intelligender to enter into the confidential settlement was the Soriano Parties' representation that none of them are Doe. The identity of Doe is, therefore, relevant to confirming those representations ...." *Id.*

The Court agrees with Doe that the settlement agreement by and between Intelligender and the Soriano Defendants renders the subpoena moot. While the Court is of the considered opinion that the speech which formed the basis for the subpoena is not protected first amendment speech, the issue before the Court has now become one of relevance. Given that the claims between the Soriano Defendants and Intelligender have been resolved and the subpoena does not impact the remaining claims against FASA, the identity of Doe no longer has any relevance to an active claim

in this case. Accordingly, because Intelligender has not amended its Complaint to name Doe as a party, it is undisputable that Intellifender cannot succeed in any claim against Doe, regardless of Doe's identity, because Doe is not a named party before the Court. This is despite ample opportunity for Intelligender to cure this failing, which they have not addressed.

The Court rejects Intelligender's arguments that it is entitled to obtain the identity of Doe because "[a] material inducement for Intelligender to enter into the confidential settlement was the Soriano Parties' representation that none of them are Doe." (Dkt. No. 171, at 4.) Intelligender has already entered into an Agreed Permanent Injunction stating that "[t]he Parties have reached an agreement resolving the claims and causes of action asserted by each of them against the others in this lawsuit." (Dkt. No. 167.) Even if the Court accepts Intelligender's argument that it is entitled to enforce the subpoena as a "check" on the grounds of the settlement agreement (and the Court does not reach that question), Intelligender has not cited to any particular provision of the settlement agreement that is conditioned upon the identity of Doe.

Should Intelligender wish to pursue a claim for defamation or business disparagement against Doe, its best course of action is to file a separate suit that clearly names Doe as a party. Upon doing so, Intelligender would likely have the ability to serve a subpoena to reveal the identity of Doe. However at this point, given that the claims between Intelligender and the Soriano Parties have been memorialized in a settlement agreement and that despite ample opportunity, Doe remains a non-party in this action, there is simply no basis to maintain the subpoena seeking Doe's identity in the present suit.

### IV. Conclusion

The identity of Doe is no longer relevant to any claim now pending before the Court or actionable as to a named party to this action. As such, the subpoena is now moot. Accordingly,

the Court **GRANTS** the Motion to Reconsider, **VACATES** its prior Order (Dkt. No. 154) and **QUASHES** the subpoena as moot. In conformity with this Order, Intelligender and its Counsel are **ORDERED** to forthwith return the subpoena itself to the clerk of this Court and are **ORDERED** to return any responsive information received from Verizon (and held by Intelligender's counsel in an unopened envelope) relating to the deposition on written questions and documents produced in associated therewith to the sending party at Verizon from which they originated.

**So ORDERED and SIGNED this 1st day of October, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE